## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 16-20680-CIV-SCOLA/OTAZO-REYES

SUSAN KHOURY,

               Plaintiff,

v.

THE MIAMI-DADE COUNTY SCHOOL
BOARD, a political subdivision of the
State of Florida, and GREGORY
WILLIAMS, a resident of the
State of Florida,

               Defendants.

_____/

### REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants The Miami-Dade School Board ("School Board") and Gregory Williams' ("Williams") (together, "Defendants") Notice of Filing Application for Bill of Costs and Motion to Tax Costs and Supporting Memorandum of Law (hereafter, "Motion for Costs") and Defendants' Verified Motion for Attorneys' Fees and Memorandum of Law (hereafter, "Motion for Fees") [D.E. 191, 194]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 200]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees be DENIED and the Motion for Costs be GRANTED IN PART.

### PROCEDURAL BACKGROUND

Plaintiff Susan Khoury ("Plaintiff") filed this action on February 24, 2016, as a seven-count complaint asserting federal claims under 42 U.S.C. § 1983, the Fourth Amendment, and

the First Amendment, and a state law claim against Defendants. <u>See</u> Compl. [D.E. 1]. On March 26, 2018, the Court granted summary judgment in favor of Defendants. <u>See</u> Order Granting the Defendants' Motions for Summary Judgment [D.E. 188]. On March 29, 2018, the Court entered judgment in favor of Defendants and against the Plaintiff. <u>See</u> Judgment [D.E. 189].

On April 5, 2018, Defendants filed the Motion for Costs pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)") and Title 28, United States Code, Section 1920 (hereafter, "Section 1920") [D.E. 191]. Plaintiff filed her Response to Defendant's Motion for Costs (hereafter, "Response to Motion for Costs") on August 15, 2018 [D.E. 205]. Defendants filed their Reply to Plaintiff's Response to Motion for Costs (hereafter, "Reply in Support of Motion for Costs") on August 22, 2018 [D.E. 206].

On May 22, 2018, Defendants filed the Motion for Fees pursuant to 42 U.S.C. § 1988 (hereafter, "Section 1988") [D.E. 194]. Plaintiff filed her Response to Defendants' Motion for Fees on June 27, 2018 (hereafter, "Response to Motion for Fees") [D.E. 201]. Defendants filed their Reply to Plaintiff's Response to Motion for Fees on July 3, 2018 (hereafter, "Reply in Support of Motion for Fees") [D.E. 202].

On June 5, 2018, Plaintiff filed a Motion to Stay Defendants' Motion for Attorney's Fees and Costs [D.E. 195]. The motion was denied by the Court on June 21, 2018. <u>See</u> Order Denying Motion to Stay [D.E. 199].

<b><u>MOTION FOR FEES</u></b>

**A. <u>Standard of Review</u>**

Section 1988 provides: "[i]n any action or proceeding to enforce a provision of [Section 1981] . . . the court, in its discretion, may allow the prevailing party, other than the United States,

2

a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court held that a court may award fees to a prevailing defendant in an action brought under Title VII of the Civil Rights Act only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 421 (1978).

This standard has been described as a "stringent" one, Bonner v. Mobile Energy Services Co., 246 F.3d 1303, 1304 (11th Cir. 2001), requiring the court to "focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Cordoba v. Dillard's Inc., 419 F.3d 1169, 1176 (11th Cir. 2005) (citing Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1985)). Indeed, the Supreme Court in Christiansburg cautioned that:

> [A]ssessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

Christiansburg, 434 U.S. at 422. The standard for awarding fees to a prevailing defendant in a 42 U.S.C. § 1983 action shall be no less stringent. Hughes v. Rowe, 449 U.S. 5, 14 (1980).

The Eleventh Circuit applies three factors, known as the *Sullivan* factors, to determine whether the Christiansburg standard is met: "whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial." Bonner, 246 F.3d at 1304. These three factors "are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." Sullivan, 773 F.2d at 1189. If a plaintiff establishes a prima facie case, the "[p]laintiff should not be assessed fees . . . because a defendant can offer convincing non-discriminatory reasons for its actions."

Quintana v. Jenne, 414 F.3d 1306, 1310 (11th Cir. 2005) (citing EEOC v. Reichhold Chemicals, Inc., 988 F.2d 1564, 1571-72 (11th Cir. 1993)) (holding that a claim was not frivolous where the plaintiff met the initial burden of establishing a prima facie case).

## B.  Discussion

As previously noted, Defendants seek to recover from Plaintiff their fees in this action as prevailing defendants, pursuant to Section 1988.  The first step in determining whether Plaintiff's action was "frivolous, unreasonable, or without foundation," Christiansburg, 434 U.S. at 421, so that Defendants are entitled to recover their fees is to apply the three *Sullivan* factors: "whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial."  Bonner, 246 F.3d at 1304.  With regard to the first factor, Defendants concede that Plaintiff established a prima facie case.  See Motion for Fees [D.E. 194 at 3].  As an alternative, Defendants request fees from the time that Plaintiff should have realized that her claim was frivolous.  Id. at 3-7.  However, Defendants cite no authority for this proposition.  With regard to the second factor, Defendants did offer to settle.  Id. at 7.  With regard to the third factor, the Court granted Defendants' Motions to Dismiss and issued judgment against Plaintiff.  Therefore, only the third *Sullivan* factor militates in favor of a finding of frivolity.

## C.  Conclusion

Because Plaintiff established a prima facie case, Defendants are not entitled to an award of attorneys' fees.  See Quintana, 414 F.3d at 1310; Reichhold, 988 F.2d at 1571-72.  Therefore, the undersigned recommends that Defendants' Motion for Fees be DENIED.

## MOTION FOR COSTS

### A. Prevailing Party Costs

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## B. Discussion

Defendants seek to recover the following costs as prevailing parties:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of process | 925.00 |
| Fees for copying | 7,809.48 |
| Fees for recorded transcripts | 10,855.51 |
| **TOTAL:** | **19,589.99** |

See Motion for Costs [D.E. 191].

Plaintiff objects to Defendants' recovery of certain service of process fees, transcript fees and copying costs, and argues that the Court should award Defendants no more than $7,979.01 in total costs under Section 1920. See Response to Motion for Costs [D.E. 205 at 8].

## I. Fees for service of process

Private process server fees may be taxed pursuant to Section 1920. U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document. Emery v. Allied Pilots Assoc., No. 14-80518-CIV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017). Costs for attempting to serve the same individual at different addresses are not recoverable. Nelson, 2014 WL 2195157, at *3. Additionally, rush fees are not taxable under Section 1920. Dewitt v. Daley, No. 05-61418-CIV, 2007 WL 9698322, at *7 (S.D. Fla. Nov. 29, 2007), report and recommendation adopted, 2007 WL 9698332 (S.D. Fla. Dec. 17, 2007); James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 650 (S.D. Fla. 2007).

Defendants request rush fees in connection with several subpoenas. Rush fees are not recoverable and are therefore disallowed. See W & O, Inc., 213 F.3d at 624; Dewitt, 2007 WL 9698322, at *7; James, 242 F.R.D. at 650. Defendants request $210.00 for service on Florida Blue Cross Blue Shield, however that cost includes a second address and a rush fee, both which

are disallowed. See Nelson, 2014 WL 2195157, at *3; W & O, Inc., 213 F.3d at 624. Therefore, the fee for that service shall be limited to $65.00. See 28 C.F.R. § 0.114; Emery, 2017 WL 5175617, at *3. Similarly, Defendants request $35.00 each for service upon two addresses to Fernando Jordan (D.E. 191-4 at 7). Only the fee for one service, $35.00, shall be allowed. See Nelson, 2014 WL 2195157 at *3.

The undersigned finds that the remainder of requested costs for service of summons and subpoena are reasonable and recoverable costs; however, the fee for each service will be limited to $65.00. See 28 C.F.R. § 0.114; Emery, 2017 WL 5175617, at *3.

Therefore, the undersigned adjusts the amount recoverable for fees for service of summons and subpoena to $660.00, as follows:

| Fees for service of process | Requested Amount ($) | Granted Amount ($) |
|---|---|---|
| Kendall Regional Medical Center | 40.00 | 40.00 |
| Dr. Edward Lazzarin | 40.00 | 40.00 |
| Dr. Aixa Goodrich | 40.00 | 40.00 |
| South Florida Rehab & Wellness | 40.00 | 40.00 |
| Miami Behavioral Health Center | 40.00 | 40.00 |
| Florida Blue Cross Blue Shield | 210.00 | 65.00 |
| Care First Blue Cross | 95.00 | 65.00 |
| Juan Velasquez | 35.00 | 35.00 |
| Fernando Jordan 11/18/2016 | 35.00 | 35.00 |
| Fernando Jordan 1/13/2017 | 70.00 | 0.00 |
| Tamara Glynn (Miami Behavioral Health) | 70.00 | 65.00 |
| Habsi Kaba | 70.00 | 65.00 |
| Jennifer Negron | 70.00 | 65.00 |
| Doris Zubillaga | 70.00 | 65.00 |
| **TOTAL Fees for service of process** | **925.00** | **660.00** |

## II.      Fees for copying

A prevailing party may recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  "The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case." Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1372 (S.D. Fla. Mar. 22, 2010).  The moving party "must present evidence regarding the documents copied including their use or intended use." George v. Fla. Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008) (citation omitted).  This evidence should include "information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue, and what the copies were for." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328 at 1335 (S.D. Fla. Apr. 23, 2009).  However, "costs for copies made merely for counsel's convenience" are not recoverable.  Id.  "As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." Id.

Defendants request a total of $7,809.48 for photocopying and printing costs [D.E. 191 at 3].  First, Defendants request $5,618.86 for in-house printing and copying costs of approximately 65,000 pages – at $0.10 per page up to March 1, 2017, and $0.08 per page after March 1, 2017. Id. at 3-4; See Affidavit of Blake S. Sando [D.E. 191-2 at 2].  Plaintiff objects to this amount, arguing that Defendants failed to describe with particularity what these copies consisted of.  See Response [D.E. 205 at 3-4].  Defendants explained that the in-house copying costs were incurred over approximately two years of litigation, and related to copies necessary for discovery

(including thirty depositions) and trial preparation.  See Motion for Costs [D.E. 191 at 3-6].  This generic rationale is insufficient.  See Monelus, 609 F. Supp. 2d at 1335.

Next, Defendants request $2,189.62 in outside copying costs [D.E. 191 at 4].  Included in this request is an invoice from S.K.I. Investigations for "surveillance," totaling $1,392.17 [D.E. 191-3 at 8], and an invoice from EBF Services for "DVD copies of video clip" and "video surveillance," totaling $100.00 [D.E. 191-3 at 12-13].  These requests lack explanation and are not copying, therefore these requests shall not be allowed.  See George, 2008 WL 2571348, at *2.  Defendants also request $22.33 in PACER charges.  This item is disallowed as it is not copying and is not authorized by statute as a recoverable expense.  See Crawford Fitting, 482 U.S. at 445.

The undersigned finds the remainder of the outside copying costs to be reasonable and recoverable, and Defendants are entitled to recover the costs of copying and printing as follows:

| Fees for copying | Requested Amount ($) | Granted Amount ($) |
|---|---|---|
| Florida Blue processing fee | $50.00 | 50.00 |
| Miami-Dade County Clerk fee | 7.00 | 7.00 |
| HealthPort (Kendall Regional) invoice | 71.96 | 71.96 |
| Maria Imports DVD Duplication | 12.00 | 12.00 |
| Miami-Dade Police Dept. Invoice | 2.40 | 2.40 |
| Banyan Community Health Invoice | 25.00 | 25.00 |
| Dadeland Copy Inc. | 6.42 | 6.42 |
| S.K.I. Investigations – surveillance | 1,392.17 | 0.00 |
| State Attorney – 12 hours at $20.00/hour | 240.00 | 240.00 |
| 1574 pages x $0.15/page | 236.10 | 236.10 |
| FDLE public records | 22.33 | 22.33 |
| EBF Services – 4 DVD copies | 60.00 | 0.00 |
| DVD copies (video surveillance) | 40.00 | 0.00 |
| PACER charges | 24.40 | 0.00 |
| Cole, Scott & Kissane photocopies 28,063 x $0.10/page | 2,806.30 | 0.00 |
| 35,157 x $0.08/page | 2,812.56 | 0.00 |
| **TOTAL fees for copying:** | **7,809.48** | **673.21** |

### III.    Fees for recorded transcripts

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable.  28 U.S.C. § 1920(2).  Such taxable costs include court reporter attendance fees.  Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013).  "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice."  Five for Entm't, S.A. v. Ayala Rodriguez, No. 11-24142-CV, 2017 WL 511085, at *12 (S.D. Fla. Feb. 2, 2017).  "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case."  W & O, Inc., 213 F.3d at 621.  To recover the costs of video recorded depositions, the requesting party "must show why it was necessary to have both a video deposition and a transcribed deposition for use in the case."  George, 2008 WL 2571348, at *7.  "If an expedited or rough transcript was necessary, the cost is recoverable."  Procaps v. Patheon Inc., No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016); see also Barrera, 900 F. Supp. 2d at 1335 (finding expedited transcripts necessary if the depositions occurred within 30 days of a deadline or motion because the short timeframe required expedited services).  "Shipping and handling costs derived from the stenographer are not taxable."  Castillo v. Teledyne Cont'l Motors. Inc., No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011) report and recommendation adopted, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011).

Defendants request $10,855.51 in fees for court report and deposition transcripts.  See Motion for Costs [D.E. 191 at 8-10].  Plaintiff objects to the $1,341.82 cost of the expedited transcript of Chief Ian Moffett ("Moffett").  See Response to Motion for Costs [D.E. 205 at 7].  Defendants explained that they were required to obtain an expedited transcript because there was

an impending motion deadline of August 1, 2017 due to an amended scheduling order.  See

Motion for Fees [D.E. 206 at 4].  However, Defendants ordered Moffett's transcript on June 15,

2017, approximately 45 days before the deadline.  See Motion for Costs – Exhibit E [D.E. 191-5

at 53].  Further, the deposition took place on May 16, 2017, a month prior.  Id.  Based on this

information, the undersigned finds that the expedited transcript was not necessary, and the

$1,341.82 cost is not recoverable in full.  See Procaps, 2016 WL 411017, at *3; Barrera, 900 F.

Supp. 2d at 1335.  The undersigned recommends a reduction of this cost to $696.50 (as

determined by the transcript charges from the same court reporter service charging $3.50 per

page).

Plaintiff further objects to the costs for videotaped depositions of Jordan Fernando

("Fernando"), Jose Corraliza ("Corraliza") and Plaintiff.  See Response to Motion for Costs

[D.E. 205 at 7-8].  Defendants argue that it was necessary to have both a video recording and a

printed transcript for the deposition of Corraliza because he "is part of the United States Army,

and his testimony was vital to the instant lawsuit and there was a possibility that he would not be

able to attend trial."  See Reply in Support of Motion for Fees [D.E. 206 at 4].  Regarding the

Plaintiff, Defendants argue her videotaped deposition "was necessary to be presented at trial"

and "her testimony was vital to determine what had occurred on the night of the subject

incident."  Id.  Defendants provide no explanation regarding Fernando.  Given Defendants'

explanation as to the importance of deponents Corraliza and Plaintiff, and Plaintiff's lack of a

specific objection to the videography costs, the undersigned finds that these costs are

recoverable.  See George, 2008 WL 2571348, at *7.  However, given Defendants' lack of an

explanation for the videotaped deposition of Fernando, that cost is not recoverable.  Id.  In

addition, other costs reflected in the videography invoices, such as shipping, are not recoverable.

See Castillo, 2011 WL 1343051, at *2; Powell, 2010 WL 4116488, at *10.

Finally, the undersigned notes that Defendants request additional shipping and handling

costs, see Motion for Fees – Exhibit 5, which are not recoverable.  Castillo, 2011 WL 1343051,

at *2.  Therefore, Defendants may recover fees for transcript costs as follows:

| Fees for transcript costs | Requested Amount ($) | Granted Amount ($) |
|---|---|---|
| Commander Deanna Fox-Williams | 229.50 | 217.00 |
| Detective Steven Hadley | 302.50 | 302.50 |
| Frank Zenere | 275.50 | 275.50 |
| Officer Nanette Badger | 299.50 | 299.50 |
| Grady Floyd Hepburn | 154.00 | 154.00 |
| Chief Ian Moffett | 1,341.82 | 696.50 |
| Officer Gregory Williams | 402.50 | 402.50 |
| Gerald Kitchell | 584.00 | 571.50 |
| Henry Fernandez | 105.00 | 105.00 |
| James Head | 129.50 | 129.50 |
| Richard Samuels | 94.50 | 94.50 |
| Kristen Belfield | 171.50 | 171.50 |
| William Smith | 52.50 | 52.50 |
| Michael DeArmas | 199.80 | 199.80 |
| Anthony Rhodes | 168.00 | 168.00 |
| Cadian Collman | 150.50 | 150.50 |
| Valerie Peterson | 84.00 | 84.00 |
| Alonzo Henley | 129.00 | 116.50 |
| Reginald Eugene Lee | 77.00 | 77.00 |
| Daniel Ponkey | 105.00 | 105.00 |
| Jason Allen | 150.50 | 150.50 |
| Anthony Tunson | 108.50 | 108.50 |
| Roniel Osorio | 115.50 | 115.50 |
| Crystal Spence | 108.50 | 108.50 |
| Jordan Fernando | 405.00 | 0.00 |
| Jose Corraliza | 908.57 Actual Amount: 888.57 | 868.57 |
| Susan Khoury | 3,280.51 | 3,240.51 |
| Victor Agosto | 722.81 | 702.81 |
| **TOTAL transcript costs:** | **10,855.51** | **9,667.69** |

## C. **Conclusion**

Applying these adjustments, the total amount recoverable in costs by Defendants shall be $11,000.90, as follows:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of process | 660.00 |
| Fees for copying | 673.21 |
| Fees for recorded transcripts | 9,667.69 |
| **TOTAL:** | **11,000.90** |

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendants' Motion for Fees be DENIED, that Defendants' Motion for Costs be GRANTED IN PART, and that Defendants be awarded the sum of **$11,000.90** as costs in this action.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Robert N. Scola, United States District Judge.  See Local Magistrate Rule 4(b).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 28ᵗʰ day of November, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
      Counsel of Record

14